Milford **FRANKLIN**, Plaintiff,

v.

**R. C. BLAYLOCK** et al., Defendants.

United States District Court
S. D. New York.

April 8, 1963.

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiffs; Benedict Wolf, New York City, of counsel.

Davis Polk Wardwell Sunderland & Kiendl, New York City, for individual defendants; Lawrence E. Walsh, New York City, of counsel.

Shearman & Sterling, New York City, for defendants Ling-Temco-Vought, Inc. and Chance Vought Corp.; John A. Wilson, New York City, of counsel.

McLEAN, District Judge.

This is the first of a series of four actions by stockholders of Ling-Temco-Vought, Inc. ("Ling-Temco"), pursuant to Section 16(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78p(b)) to recover short-swing profits allegedly made by officers, directors and an alleged ten per cent stockholder of Chance Vought Corporation ("Chance Vought"), and by officers and directors of Ling-Temco. Defendants have moved in each action under 28 U.S.C. § 1404(a) to transfer the action to the United States District Court for the Northern District of Texas, Dallas Division.

The actions have not been consolidated, but they present essentially similar issues, although more defendants and more transactions are involved in some of the actions than in others. In each case the transactions complained of are primarily of two types: (1) the exchange by defendants of Chance Vought stock for securities of Ling-Temco pursuant to an agreement between the two corporations in 1961 under which Ling-Temco acquired all the assets of Chance Vought, which was thereupon liquidated, and (2) sales of stock of Chance Vought or Ling-Temco apart from and independent of this acquisition. The transactions in the first category were completed in New York by the deposit by Chance

Vought stockholders of their stock with First National City Bank of New York, the trustee appointed to carry out the plan. Many of the transactions in the second category were carried out in New York by sales on the New York Stock Exchange.

Plaintiffs are residents of New York. All the individual defendants reside in Texas. Ling-Temco is a Delaware corporation which has its principal place of business in Texas, but which is qualified to do business in New York and maintains an office in this state.

The venue of these actions is proper under Section 27 of the Act (15 U.S.C. § 78aa) since the transactions occurred in New York. Blau v. Mission Corp., 212 F.2d 77 (2d Cir. 1954); Blau v. Lamb, 20 F.R.D. 411 (S.D.N.Y.1957).

Plaintiffs had a choice of suing in New York or in Texas. Not unnaturally they chose New York, where they reside. Their choice is entitled to great weight. Blau v. Lamb, supra.

This is still true despite Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). Although the Supreme Court there indicated that a lesser showing was required to authorize a transfer under Section 1404(a) than had been necessary to justify dismissal under the doctrine of forum non conveniens, nevertheless it has been consistently held since that decision that plaintiff's choice of a forum will not be disturbed unless the balance of convenience weighs heavily in favor of defendant. Lykes Brothers S. S. Co. v. Sugarman, 272 F.2d 679 (2d Cir. 1959); De Sousa v. Panama Canal Company, 202 F.Supp. 22 (S.D.N.Y.1962).

It is true that plaintiffs presumably have no knowledge of the facts of these actions and may not need even to attend the trial. Nevertheless, they have the right to maintain their actions in this district unless justice clearly requires that the actions be transferred. After a careful examination of defendants' affidavits and briefs, I am not persuaded that it does. There is an obvious difference between these actions and a stockholder's derivative action charging waste and mismanagement, where complicated questions of fact are involved. The issues here are primarily issues of law. To the extent that any relevant fact questions exist, the testimony concerning them depends, in large part, at least, on matters of record which can be readily developed by depositions. If it proves necessary for some of the defendants to attend the trial, it would seem that this could be arranged without such a mass migration of Ling-Temco's chief executives to New York as would seriously disrupt the corporation's business. On balance, I conclude that defendants have not met the burden of proof which rests upon them.

Motion denied. So ordered.