**Sophie RUSKAY et al., Plaintiffs,**

**v.**

**Cameron K. REED et al., Defendants.**

United States District Court
S. D. New York.
Dec. 30, 1963.

Pomerantz, Levy, Haudek & Block, New York City, for plaintiffs; William E. Haudek, Abraham L. Pomerantz, New York City, of counsel.

Kelley, Drye, Newhall, Maginnes & Warren, New York City, for defendant United Funds, Inc.; Francis S. Bensel, Eugene T. D'Ablemont, New York City, of counsel.

Milton Pollack, of New York City, for defendants Waddell & Reed and Chauncey L. Waddell, William S. Serat and Cameron K. Reed.

White & Case, New York City, for Wilmington Group, Inc., Edmond DuPont and George T. Weymouth.

FEINBERG, District Judge.

Defendants move under 28 U.S.C. § 1404(a) to transfer this action to the Western District of Missouri. The present action is a consolidation of three

stockholders' suits brought derivatively on behalf of United Funds, Inc. ("United"), a mutual investment fund, and representatively on behalf of United's stockholders. Two of the three suits were commenced in August 1960, and the third in September 1963. In brief, the amended complaint alleges that defendant United, certain of its officers and directors, its investment advisers, and its principal underwriter fixed the fees for investment advice at rates higher than should have been charged, and otherwise acted improperly over a period extending backward to at least 1955.

From the affidavits and briefs submitted, it appears that United is based in Kansas City, Missouri. Until August 31, 1963, defendant Continental Research Corporation ("Continental") was United's investment adviser, and defendant Wilmington Group, Inc. ("Wilmington") provided statistical and other research services to Continental. On that date, both Continental and Wilmington were consolidated into defendant Waddell & Reed, Inc. ("WRI"), which was and is United's principal underwriter. This consolidation occurred some two years after the first two of the three consolidated complaints were filed. Before that time, Wilmington was located in Wilmington, Delaware, and Continental's staff and records were split between New York and Kansas City.[1] In addition to the four corporate defendants, six individual defendants have beeen served or appear in the action: two are residents of New York, two are residents of Delaware, but with substantial ties to New York, and two are residents of Missouri.[2] All three plaintiffs reside in the New York City metropolitan area.

The principal reasons urged by defendants for transfer to Missouri are that most of the records of defendants are located there, that most of the witnesses live there, that defendants' business would be needlessly disrupted by a trial in New York, and that there is less calendar congestion in the United States District Court for the Western District of Missouri than there is here.

The law to be applied in these transfer situations is clear, although its application to the facts of any particular case may be troublesome. Defendants have the burden as the moving party of making out a clear-cut case for transfer, United Artists Associated, Inc. v. NWL Corp., 198 F.Supp. 953, 956 (S.D.N.Y. 1961); Foster v. United States Lines Co., 188 F.Supp. 389, 391 (S.D.N.Y.1960), and plaintiffs' choice of forum is a relevant consideration. Peyser v. General Motors Corp., 158 F.Supp. 526, 529 (S.D. N.Y.1958).

Defendants' argument directed to the burden of bringing records to New York would be more appealing if a good portion of Continental's records (apparently including those relating to investment advice and, therefore, perhaps the most significant portion of the records) had not been moved[3] from New York City to Missouri about two years after suit was brought. Apparently, Wilmington's records are either still in Wilmington, Delaware (which is much closer to this District than to the Western District of Missouri) or, if now in Missouri, were also not moved there until August 1962.[4] Cf. Levenson v. Little, 81 F.Supp. 513, 517 (S.D.N.Y.1949). Moreover, it is quite apparent that a large amount of the great mass of documents referred to in defendants' affidavit would be totally irrelevant to the issues raised in this case. Defendants' papers also contain a comprehensive list of employees located in Missouri, but, as with the records, fail to specify which are the key witnesses and what their testimony will cover. Plaintiffs' papers, on the other hand, list.

---

1. Affidavit of William S. Serat, para. 18 (a).

2. A number of other individuals, although named in the complaint, have not been served.

3. Affidavit of William S. Serat, para. 18 (a); affidavit of William E. Haudek, para. 36.

4. Affidavit of William S. Serat, para. 18 (a); affidavit of William E. Haudek, para. 26.

a number of key witnesses located in or near New York whose testimony would appear to be significant.

At the time of the commencement of the action in 1960 and before, two of the four corporate defendants had substantial contacts with New York, and another was principally located in Delaware. In a prospectus of defendant WRI, dated September 1959, Continental was characterized as having a principal office in New York,[5] and apparently its Board meetings were held here. In the years in question, at least a major part of Continental's advisory services were performed in New York City.[6] Even now, Continental maintains an office in New York, although denominated a "listening post," at which the chairman of the Board of WRI works.[7] As for Wilmington, as late as April 1962, a prospectus of United stated that Wilmington was "a research organization located in Wilmington, Delaware."[8] The connection between WRI and New York City was also emphasized by United in prospectuses of 1959, 1962, and 1963.[9]

Defendants' argument that refusal to transfer would disrupt its business must, of course, be seriously considered. But, on the papers as a whole, it would appear that practical accommodations of the sort envisioned in Ford Motor Co. v. Ryan, 182 F.2d 329, 330–331 (2 Cir.), cert. denied, 340 U.S. 851, 71 S.Ct. 79, 95 L. Ed. 624 (1950), will greatly reduce such disruption.

■ Finally, the calendar comparison between the federal District Court in New York and the Western District of Missouri would not seem to be too important, as plaintiffs correctly point out, in light of the decision of the Court of Appeals for the Eighth Circuit in Brouk v. Managed Funds, Inc., 286 F.2d 901 (8 Cir.), cert. granted, 366 U.S. 958, 81 S.

Ct. 1921, 6 L.Ed.2d 1252 (1961), judg. vac. as moot, 369 U.S. 424, 82 S.Ct. 878, 8 L.Ed.2d 6 (1962) that there is no federal jurisdiction under the Investment Company Act for the action plaintiffs bring here. The contrary rule applies in this Circuit, Brown v. Bullock, 294 F.2d 415 (2 Cir. 1961); Chabot v. Empire Trust Co., 301 F.2d 458, 459 n. 3 (2 Cir. 1962). Therefore, if the action is transferred to the Western District of Missouri (which is in the Eighth Circuit), plaintiffs would probably have to spend an appreciable period of time in litigating the jurisdictional issue to the Supreme Court before it could litigate the other issues in the case on the merits, if at all. It is true that in Ackert v. Ausman, 198 F.Supp. 538 (S.D.N.Y.1961), aff'd sub nom. Ackert v. Bryan, 299 F.2d 65 (2 Cir. 1962), this Court held, *inter alia,* that it nonetheless had the power to transfer a similar action to a District Court in the Eighth Circuit. However, we are concerned here with discretion, not power, and the facts in this case are quite distinguishable from those in Ackert (e. g., regarding location of defendants, key witnesses and records at present and at the time suit was brought).

■ The plain fact, of course, is that to some extent defendants will be inconvenienced if the action stays here, and plaintiffs, who have less control than defendants over key witnesses, will be inconvenienced if it is moved. The statutory language is that a court may transfer this action "for the convenience of parties and witnesses, in the interest of justice, * * *." Balancing all the factors and applying the statutory standard on all the papers, in the exercise of my discretion, I do not think defendants have met the burden placed upon them in motions of this sort.

Motion denied. Settle order on notice.

5. Affidavit of William E. Haudek, para. 20 (a).

6. Id. para. 36.

7. Affidavit of William S. Serat, para. 18 (a).

8. Exhibit 2 accompanying affidavit of William E. Haudek.

9. Affidavit of William E. Haudek, paras. 28, 29.