Application of **GOLCONDA MINING CORPORATION** and **Harry F. Magnuson**, Petitioners,

v.

Hon. William B. **HERLANDS**, Judge of the United States District Court for the Southern District of New York, Respondent,

for a Writ of Mandamus.

Docket 30221.

United States Court of Appeals Second Circuit.

Argued Feb. 21, 1966.

Decided Aug. 8, 1966.

Edward N. Costikyan, New York City (Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Thomas R. Farrell, Jr., New York City, of counsel; and Lowenstein, Pitcher, Hotchkiss & Parr, New York City, James C. Sargent, New York City, of counsel, on the brief), for petitioners.

Michael Joseph, Attorney, Securities and Exchange Commission, Washington, D. C. (Philip A. Loomis, Jr., General Counsel, David Ferber, Solicitor, Meyer Eisenberg, Special Counsel, Llewellyn P. Young, Regional Adm'r, on the brief), for respondent and for the Securities and Exchange Commission.

Before WATERMAN, MOORE and FRIENDLY, Circuit Judges.

MOORE, Circuit Judge:

On May 19, 1965, the Securities and Exchange Commission (SEC) commenced an action in the Southern District of New York against the petitioners, Golconda Mining Corporation and Harry F. Magnuson, a director and officer of Golconda, alleging that both defendants had engaged in violating Section 10(b) of the Securities Exchange Act of 1934,

15 U.S.C. § 78j(b), and Rule 10b–5 thereunder, 17 C.F.R. § 240.10b–5; and that Magnuson had failed to comply with the reporting requirements of Section 16(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(a). The relief requested was an injunction against further violations and restitution by the defendants to each person from whom the defendants purchased stock in Hecla Mining Company and to whom the defendants had sold stock in Lucky Friday Silver-Lead Mines Company between June 28 and September 10, 1963. The request for restitution was based upon the allegations that the defendants, by reason of Magnuson's position on the board of directors of Hecla, had inside information not available to the investing public about the terms of a proposed merger between Hecla and Lucky Friday, and that they exploited this information by buying Hecla and selling and selling short Lucky Friday before the terms of the merger were announced.

On July 9, 1965, the defendants moved that the action be transferred to the District Court for the District of Idaho, Northern Division, pursuant to 28 U.S.C. § 1404(a). This motion the District Court denied in an opinion dated September 29, 1965. On December 23, 1965, the defendants petitioned this court for a writ of mandamus directing the District Court to grant their motion to transfer the case to the District Court for the District of Idaho, Northern Division.

■■ A petition for mandamus rather than a request for leave to appeal under 28 U.S.C. § 1292(b) is the proper procedure to seek review of a trial court's disposition of a § 1404(a) motion, challenged for abuse of discretion. See Olinick & Sons v. Dempster Bros., Inc., 364 F.2d 896 (2d Cir. 1966). However, as the *Olinick* case makes clear, when the District Court has considered the appropriate factors in deciding a § 1404(a) motion, we will issue mandamus only upon a demonstration, not of mere error, but of a clear-cut abuse of discretion.

■■ We find no such abuse of discretion here. It is true that Hecla, Golconda, and Lucky Friday (now merged into Hecla) have their principal places of business in Idaho; that Golconda is an Idaho corporation, as Lucky Friday was until it merged into Hecla; that Hecla is a Washington corporation; that Magnuson resides in Idaho; and that many defense witnesses and records are to be found in Idaho. It is also true that the case might come to trial more quickly in Idaho than in the Southern District of New York. However, plaintiff's choice of forum is a factor to be accorded substantial weight, see Peyser v. General Motors Corp., 158 F.Supp. 526, 529 (S.D.N.Y.1958); it would be inconvenient for the SEC, which investigated the case from its New York office, to try the case in Idaho; Hecla and Lucky Friday stocks, during the times in question, were traded on the American Stock Exchange; more than half of the 82 investors for whom restitution is sought, all potential witnesses for the plaintiff, reside in New York, Pennsylvania, and New Jersey; and none of these investors live within the District of Idaho.

The District Court considered all of these factors in its careful opinion. While it might well have been proper to come to a contrary result on the same record, the denial of the motion to transfer was not such an abuse of discretion as to warrant issuance of the writ of mandamus.

Petition for writ of mandamus denied.

FRIENDLY, Circuit Judge (concurring):

I concur in the denial of mandamus, on the ground, stated in my concurring opinion in A. Olinick & Sons v. Dempster Brothers, Inc., that on petitioners' own showing we would be without power to issue it. I therefore do not reach the merits.