Mac HERBST et al., Plaintiffs,

v.

Charles R. ABLE et al., Defendants,
[and 12 other related actions].

Nos. 66 Civ. 3216, 3382, 3471, 3536, 3589,
3658, 3706, 3775, 3859, 3885, 3997,
4194, and 4363.

United States District Court
S. D. New York.

Oct. 20, 1967.

Pomerantz, Levy, Haudek & Block, New York City, for plaintiffs in Herbst, 66 Civ. 3216, and for plaintiffs Beecher, Spaulder, Stoneman and Stoneman and Chandler in Beecher, 66 Civ. 3471.

Bergerman & Hourwich, New York City, for plaintiff in Levy, 66 Civ. 3382.

Solomon Kaufman, New York City, for plaintiff Schulman in Beecher, 66 Civ. 3471.

William Rosenfeld, New York City, for plaintiffs in Baker, 66 Civ. 3536 and in Simon, 66 Civ. 3885.

Kanon & Palley, New York City, for plaintiff in Fuchs, 66 Civ. 3589.

Bobroff, Olonoff & Scharf, New York City, for plaintiff in Schaffner, 66 Civ. 3658.

Irving Steinman, New York City, for plaintiff in Terrile, 66 Civ. 3706 and in Pentel, 66 Civ. 3997.

Gordon & Wexler, New York City, for plaintiff in Gottesman, 66 Civ. 3775.

Abraham M. Glickman, New York City, for plaintiff in Selzer, 66 Civ. 3859 and 66 Civ. 4194.

Carro, Spanbock & Londin, New York City, for plaintiffs in Stricof, 66 Civ. 4363.

White & Case, New York City, for defendants Douglas Aircraft Co., Inc., Able, Beall, Bekins, Conant, Douglas, Douglas, Jr., Gett, Johnson, Jones, Jones, Jr., Leslie, Lieber, McGowen, Mitchell, Petree and Whiting.

Brown, Wood, Fuller, Caldwell & Ivey, New York City, for defendant Merrill Lynch, Pierce, Fenner & Smith, Inc.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant Ernst and Ernst.

MOTLEY, District Judge.

### Memorandum Decision and Order on Motions to Transfer and Class Action

These are motions under 28 U.S.C. § 1404(a) seeking a transfer to the United States District Court, Central District of California, of 12 separate actions commenced in this District and one removed

here from Supreme Court, State of New York, County of New York.[1] An identical motion to transfer was made by defendants in all 13 cases. The hearing on these motions was consolidated. Rule 42 (a), Fed.R.Civ.P.

These actions are brought pursuant to applicable provisions of the Securities Act of 1933, the Securities Exchange Act of 1934, the Rules and Regulations issued thereunder, and the common law. Plaintiffs, purchasers of Douglas Aircraft Company, Inc. (Douglas) securities (or those who converted Douglas debentures into common stock) allege that defendants,[2] during the first half of 1966, grossly exaggerated Douglas' earnings and earnings prospects, and that plaintiffs, in reliance thereon, were damaged.[3]

All defendants move to transfer. None of the plaintiffs favors transfer. Virtually all of the present plaintiffs live in New York. This court, finding that defendants have failed to make a compelling case for transfer, denies the motions.

The principal reasons urged by defendants for transfer are: 1) most of the witnesses live in California, 2) defendant Douglas' business would be needlessly disrupted by a trial in New York, 3) most of Douglas' records are in California, and 4) there is less calendar congestion in California than in New York.

■■ The law to be applied in this type of situation is clear. Movants have the burden of establishing that the inconvenience to them outweighs the inconvenience to plaintiffs and that the interests of justice would be better served by trial in the transferee district. Ruskay v. Reed, 225 F.Supp. 581 (S.D.N.Y. 1963); See Schneider v. Sears, 265 F.

Supp. 257, 263 (S.D.N.Y.1967). Plaintiffs' choice of forum is a relevant consideration, Peyser v. General Motors Corp., 158 F.Supp. 526, 529 (S.D.N.Y. 1958), "entitled to great weight". Franklin v. Blaylock, 218 F.Supp. 261, 262 (S.D.N.Y.1963) mandamus denied sub nom. Blaylock v. McLean, 319 F.2d 533 (2d Cir. 1963).

■ Defendants argue that many witnesses live in California and it would be inconvenient for them to attend depositions and/or trial in New York. Of course, this argument cuts both ways. Many plaintiffs (the number as yet undetermined) live in New York and it would be just as time-consuming and inconvenient for them to attend in California.

Where a transfer would merely shift the inconvenience from one party to the other * * * or where after balancing all the factors, the equities lean but slightly in favor of the movant, * * * the plaintiff's choice of forum should not be disturbed. De Luxe Game Corp. v. Wonder Prod. Co., Inc., 166 F.Supp. 56, 61 (S.D.N.Y. 1958) (citations omitted).

The choice of venue provided by Section 27 of the 1934 Act, 15 U.S.C. § 78aa, and Section 22 of the 1933 Act, 15 U.S.C. § 77v, would indeed be a meaningless one if the mere fact of out-of-state witnesses was sufficient to justify transfer.

■ Defendants next argue that it would be burdensome and expensive to ship files, estimated at 16,000,000 pages for Douglas alone, to New York, and that such a transfer would disrupt the company's business. This court cannot now ascertain the correctness of the figures provided by defendants, or the material-

1. 28 U.S.C. § 1404(a) provides:
   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

2. Douglas and some of its directors are defendants in all actions. Other directors, Merrill Lynch, Pierce, Fenner and Smith, Inc. (Merrill Lynch) and Ernst

and Ernst are defendants in some suits. Principal defendants all have offices in New York.

3. 10 of these suits are denominated class actions. Two are shareholder derivative actions claiming damage to Douglas from having to defend suits of this type, and further claiming that Douglas' directors should have known that these suits would follow the "misrepresentations".

ity of the documents, but if defendants' figures are accurate, and 16,000,000 documents are material, it is certainly a greater hardship for plaintiffs to be forced to spend the time in California necessary to sift this evidence. As to disrupting Douglas' business by transferring the files to New York, there has been no showing that these files are necessary to current operations. This court has no doubt that the originals of material documents can and will remain in California, and duplicates will be provided to each party via the modern miracle of photographic reproduction. The burden to defendants, if any, in this situation is created by the alleged vast number of documents, not their location or the venue of the trial.

■■ Defendants finally argue that the parties could save nearly two and one-half years by having trial in California. This is a factor to be accorded some but not decisive weight. S. E. C. v. Golconda Mining Co., 246 F.Supp. 54, 60 (S.D.N.Y.1965), mandamus denied sub nom. Golconda Mining Corp. v. Herlands, 365 F.2d 856 (2d Cir. 1966). Here defendants have not shown any substantial prejudice to them from such delay. Delay from calendar congestion is equally prejudicial to plaintiffs who have chosen this forum. This court finds that delay alone is not sufficient to justify transfer. Were this criterion, itself, sufficient, cases could always be transferred from this District on this ground.

"[T]he relative ability of the litigants to bear the expenses of trial in any particular forum must be considered in weighing what the interests of justice require." Keller-Dorian Colorfilm Corp. v. Eastman Kodak Co., 88 F.Supp. 863, 866 (S.D.N.Y.1949); Leopard Roofing Co. v. Asphalt Roofing Industry Bureau, 190 F.Supp. 726, 729 (E.D.Tenn.1960). Certainly, there is no proof here that it is financially easier for plaintiffs, who are individuals largely resident in New York City, to litigate in California than it is for Douglas, Merrill Lynch, and Ernst and Ernst to litigate in New York.

This case is not unlike S. E. C. v. Golconda Mining Co., supra. In both cases many investor-witnesses lived in New York and the alleged fraud perpetrated here where suit was commenced. In each case defendants' business and records were in another distant district. The contacts with New York in most instances were similar in each case. Whether the trials are conducted here or in California, there is going to be inconvenience and expense to both the parties and the witnesses. This court has evaluated and compared each and every factor in terms of relative hardship, inconvenience, expense, fairness, and the interests of justice. On the record, the court concludes that defendants have failed to demonstrate such a preponderance of inconvenience as to upset plaintiffs' choice of forum. Ibid. We refuse to exercise our discretion to transfer. The motions under 28 U.S.C. § 1404(a) are denied.

Memorandum Decision and Order
on
Motions Under Rule 23

In four of these actions, we are also confronted with motions, under new Rule 23, Fed.R.Civ.P., requesting the court to determine whether those actions are to be maintained as class actions.[4] In two of the four cases, there are motions for leave to engage in limited discovery proceedings to ascertain the members of the class.[5]

*Herbst* is an action against Douglas and its directors by plaintiffs on behalf of themselves and others who (a) converted Douglas 4% debentures into common stock; and (b) purchased securities of Douglas from March 24 to June 26, 1966.

*Beecher* is an action against Douglas, its directors and Merrill Lynch by plaintiffs on behalf of themselves and others

---

4. Herbst v. Able, 66 Civ. 3216; Levy v. Douglas Aircraft Co., Inc., 66 Civ. 3382; Beecher v. Able, 66 Civ. 3471; and Schaffner v. Able, 66 Civ. 3658. In toto, 10 actions are denominated "class actions".

5. *Herbst* and *Beecher*.

who (a) purchased Douglas 4¾% debentures during the period July 12, 1966 to September 29, 1966; and (b) purchased any other Douglas security during that period.

*Schaffner* is identical to *Beecher* but also names Ernst and Ernst as defendants.

*Levy* is a suit against Douglas, some of its directors, Merrill Lynch and Ernst and Ernst, by plaintiffs on behalf of themselves and others who purchased, on or after July 12, 1966, Douglas 4¾% debentures, and (a) have since sold them at a loss; or (b) continue to be owners thereof.

The court, finding that a motion to declare this a class action is premature, denies the motions without prejudice to their renewal.

■■ In order to maintain a class action, it must appear that "the class is so numerous that joinder of all members is impracticable". Rule 23(a), Fed.R.Civ.P. The *Herbst* case involves approximately $27,900,000 worth of debentures, sold in $1,000 units. The other cases involve $75,000,000 worth of debentures, also sold in $1,000 units. Two of the movants admit, by implication, that they have failed to show that the members of the class are too numerous to be brought individually before this court. These movants seek discovery to ascertain just this fact.[6] It may turn out that the number of injured debenture holders is not as great as the moving papers would have us believe.[7]

■ Additionally, we are at the stage of the proceedings where we have only a complaint, an answer and a motion under Rule 23. No discovery proceedings have taken place. While we realize that other courts have, at this stage of the proceedings, declared actions maintainable as class actions, Kronenberg v. Hotel Governor Clinton, Inc., 41 F.R.D. 42 (S.D. N.Y.1966), this court is, at present, unable to find that the "questions of law or fact common to the members of the class predominate over any questions affecting only individual members". Rule 23(b) (3), Fed.R.Civ.P. Moreover, although the papers in *Beecher* and *Schaffner* are virtually identical, we are told by the affidavit of Mr. Scharf, on behalf of Schaffner, that it is a "class action *distinct* from the Herbst and Beecher actions." (emphasis added). The Advisory Committee's Notes to new Rule 23 state:

A fraud perpetrated on numerous persons by the use of similar misrepresentations may be an appealing situation for a class action, and it may remain so despite the need, if liability is found, for separate determination of the damages suffered by individuals within the class. On the other hand, although having some common core, a fraud case may be unsuited for treatment as a class action if there was material variation in the representations made or in the kinds of degrees of reliance by the persons to whom they were addressed. 39 F.R.D. 103.

---

6. Plaintiffs in these suits also allege that the suits are brought on behalf of all those who purchased any Douglas security during the relevant period. While it would appear that this class would be large enough to meet the requirements of Rule 23, *no* plaintiff in any of these four suits alleges purchase of any security other than the debentures. If we consider, in determining "impracticability", the number of prospective members of the class of purchasers of securities other than debentures, we are forced to conclude that although the "class is so numerous that joinder of all members is

impracticable", plaintiffs have failed to show that they "will fairly and adequately protect the interests of the class". Rule 23(a) Fed.R.Civ.P. None of them is a member of this class, (e. g. other security purchasers). Indeed, the interests of the debenture holders might be in conflict with the interests of the holders of other Douglas securities.

7. Plaintiffs in the cases now before us allege ownership of large amounts of debentures. For a period of time, the debentures were traded on the New York Stock Exchange at a premium.

This court is unable, at this juncture, to determine within which of these two categories the cases before it fall.

For these reasons, then, the court concludes that it should not now decide the question whether these actions are maintainable as class actions under Rule 23.

The motions to determine whether the four actions are maintainable as class actions are denied without prejudice.

The motions for leave to engage in limited discovery in support of motions for class action are granted.