**David SAPERSTONE and Morris Tenenbaum, Plaintiffs,**

v.

**Paul KAPELOW et al., Defendants.**

**No. 67 Civ. 3262.**

United States District Court
S. D. New York.
Jan. 31, 1968.

Pomerantz, Levy, Haudek & Block, New York City, for plaintiffs; Richard

---

M. Meyer and Steven R. Rand, New York City, of counsel.

Royall, Koegel, Rogers & Wells, New York City, for defendants S. Mort Zimmerman, Philip Leserman and Frank C. Anderson; William R. Glendon, New York City, of counsel.

Meer, Chandler & Carlton, Dallas, Tex., for defendant Intercontinental Industries, Inc.; Delson & Gordon, New York City, Norman Moloshok, New York City, of counsel.

John W. M. Rutenberg, New York City, for defendant Paul Kapelow.

Lloyd I. Isler, New York City, for defendant American Hydocarbon Corporation.

METZNER, District Judge.

This is a motion by defendants for transfer of venue to the Northern District of Texas under 28 U.S.C. § 1404(a).

Plaintiffs sue derivatively on behalf of American Hydrocarbon Corporation (American) and also on behalf of the class of shareholders of American similarly situated. Both actions are grounded upon an alleged violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, SEC Rule 10b–5, and fiduciary duty and corporate opportunity principles. The operative facts center around American's sale of its controlling interest in Intercontinental Manufacturing Co., Inc. (IMCO) to defendant Intercontinental Industries, Inc. (Intercontinental), formerly known as Jefferson Construction Co. (Jefferson), largely in exchange for Jefferson stock. The complaint charges that the Jefferson stock received by American was worth only a fraction of the value of the IMCO interest sold, that the motive for the transaction was to benefit the individual defendants, and that the proxy statement prior to the vote approving the exchange concealed the true facts. Defendants contend, *inter alia*, that the transaction was required by the dire financial situation of American at the time, in order to satisfy the demands of its creditors.

On a motion for transfer of venue under § 1404(a), the plaintiffs' choice of forum is entitled to considerable respect and will not be disturbed except upon a clear-cut showing by the movant that the balance of convenience and justice weighs heavily in favor of transfer. SEC v. Golconda Mining Co., 246 F.Supp. 54 (S.D.N.Y.1965); United States v. General Motors Corp., 183 F.Supp. 858, 860 (S.D.N.Y.1960).

The relevant criteria for determining a motion to transfer venue have been frequently reiterated. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Oil & Gas Ventures v. Kung, 250 F.Supp. 744, 754 (S.D.N.Y.1966); United States v. General Motors Corp., supra 183 F.Supp. at 860. Defendants assert the following considerations in order to bring this case within the established framework: all of the defendant companies are located in the vicinity of Dallas, Texas; five of the twelve individual defendants live in Dallas, only one in New York (and he allegedly was not involved in the transaction at issue); a great part of the testimony to be offered by the defendants must come from these individual defendants; other witnesses who may be needed by defendants reside in Dallas or closer to Dallas than to New York; some of these witnesses are not within the control of defendants and could not be compelled to appear at a New York trial; the voluminous books and records of all three corporate defendants are maintained in Dallas and it would considerably disrupt their operations, some of which are on vital defense contracts, to transfer books and records, as well as personnel, to New York; calendar congestion in this district is much greater than in the Northern District of Texas, so that an earlier and speedier trial could be expected there.

Almost all of these arguments have been advanced, in equal abundance, but without success, on similar recent transfer motions in this court. See Herbst v. Able, 278 F.Supp. 664 (S.D.N.Y.1967); Oil & Gas Ventures v. Kung, 250 F.Supp. 744 (S.D.N.Y.

1966); SEC v. Golconda Mining Co., 246 F.Supp. 54 (S.D.N.Y.1965); Ruskay v. Reed, 225 F.Supp. 581 (S.D.N.Y.1963). As in some of those cases, defendants have not shown that the testimony of their nonparty witnesses in Texas will relate to vital questions or that depositions would be insufficient. Here, as in prior cases, pretrial discovery is sure to reduce considerably the volume of documents which must be offered as proof. As to those which must be produced, there is no reason why disruption of the defendants' business files cannot be obviated "via the modern miracle of photographic reproduction." Herbst v. Able, supra, 278 F.Supp. at p. 667. These cases illustrate that where there was sufficient justification to support plaintiff's choice, even the combination of factors asserted by defendants has not been enough to warrant transfer.

Here, plaintiffs have demonstrated several considerations weighing in favor of this forum. A principal issue in the case, obviously, is the value of the Jefferson stock received by American for the IMCO shares. Although Intercontinental, Jefferson's successor, is now in Dallas, at the time of the transaction in issue, Jefferson was located in Boston. Its president at that time, Abraham Schultz, is still a resident of Massachusetts, and the books and records pertaining to that time are also in Massachusetts. Obviously, New York is a more convenient forum than Dallas for the production of this evidence. Another major issue will apparently be the extent to which the transaction was induced by the demands of American's creditors. It is uncontradicted that, aside from the individual defendants, the major creditor was Lionel Corp., which is based entirely in New York City. Plaintiffs also allege that a "side deal" involving Lionel, beneficial to the individual defendants, was a motivating force behind the sale of IMCO. Defendants do not challenge plaintiffs' assertion that testimony of Lionel officials and Lionel records will be material to this case.

Finally, it must be remembered that plaintiffs sue not only for themselves, but on behalf of the stockholders of American. The weight to be given to this factor has been referred to in Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 525–526, 67 S.Ct 828, 91 L.Ed. 1067 (1947). Examination of American's shareholder lists shows that 35% of the stockholders reside in New York State and another 21% in the adjacent states of New Jersey, Pennsylvania, Connecticut and Massachusetts. Clearly, the interests of administering the class action and protecting the members of the class are better served by continuing venue here than by transferring to Texas.

Upon examination of all the papers submitted on this motion, I cannot find that defendants have made the required clear-cut showing that convenience and justice to all the parties, as well as to the plaintiff class, will be furthered only by a transfer to Texas. Accordingly, the motion is denied. So ordered.