Gordon **BRODY** et al., Plaintiffs,

v.

**AMERICAN MEDICAL ASSOCIATION**
et al., Defendants.

**No. 71 Civ. 1256.**

United States District Court,
S. D. New York.

Aug. 25, 1971.

Botein, Hays, Sklar & Herzberg, New York City (Charles A. Stillman, David Kremen, and Julian W. Friedman, New York City, of counsel), for plaintiffs.

Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., of counsel for Amer. Med. Assn. and Educational Council for Foreign Medical Graduates.

Bell, Boy, Lloyd, Haddad & Burns, Chicago, Ill., of counsel for Amer. Hospital Assn.

Schuyler, Stough &, Morris, Chicago, Ill., of counsel for Joint Commn. on Accreditation of Hospitals.

### MEMORANDUM

TENNEY, District Judge.

Defendants move pursuant to 28 U.S.C. § 1404(a), seeking a change of venue from the Southern District of New York to the Northern District of Illinois, Eastern Division.[1]

The underlying action is one brought by six individual plaintiffs on behalf of themselves and the approximately 1,000 American students attending the School of Medicine of the Universidad Autonoma de Guadalajara, located in Guadalajara, Mexico, against the American Medical Association (hereinafter referred to as "AMA"), the American Hospital Association (hereinafter referred to as "AHA"), the Educational Council for Foreign Medical Graduates (hereinafter referred to as "ECFMG"), and the Joint Commission on Accreditation of Hospitals (hereinafter referred to as "JCAH").

Briefly, the plaintiffs claim that restrictions imposed by the defendants upon their right to intern in United States hospitals have deprived them of constitutional rights and have violated the sections of the Civil Rights Act guaranteeing those rights, and the federal and New York antitrust statutes. The complaint challenges the ECFMG's policy of denying certification to foreign medical graduates unless they have passed the examination given by the ECFMG and have fulfilled all the requirements for full and unrestricted license to practice medicine in the country in which they have attended medical school. In addition, the complaint challenges the policies of the AMA, the AHA and the JCAH which enforce the ECFMG policy by preventing foreign medical graduates from obtaining internships (which are a prerequisite to medical licensing in New York and other states) until they have complied with the requirements of the ECFMG.

Defendants' motion is supported by affidavits from each of them and by a memorandum which urges that transfer is appropriate in this case primarily because the headquarters, personnel, and pertinent records of three of the four defendants are located in the Northern District of Illinois, a large number of defendants' prospective witnesses reside in the Northern District of Illinois, and virtually all potential defense witnesses live significantly closer to Chicago than to New York City. Additionally, defendants claim that this action involves matters of national importance which should be resolved as expeditiously as possible, and that the relatively uncongested calendar in the Northern District of Illinois would permit a trial of this action approximately two years earlier than in the Southern District of New York.

Plaintiffs' choice of forum is "entitled to great weight". Herbst v. Able, 278 F.Supp. 664, 666 (S.D.N.Y.

---

1. 28 U.S.C. § 1404(a) provides:
   "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

1967); Franklin v. Blaylock, 218 F. Supp. 261, 262 (S.D.N.Y.), mandamus denied *sub nom.* Blaylock v. McLean, 319 F.2d 533 (2d Cir. 1963). Thus defendants, in support of their motion, have the heavy burden of showing that the inconvenience to them of pursuing the action in plaintiffs' choice of forum outweighs the inconvenience to plaintiffs in pursuing their action in defendants' choice of forum. Herbst v. Able, *supra*, 278 F.Supp. at 666. In the instant case, the Court finds that defendants have failed to justify disturbing the plaintiffs' choice of forum.

Plaintiffs' choice of forum, always significant, is entitled to even more weight when it is the forum in which they reside. Franklin v. Blaylock, *supra*, 218 F.Supp. at 262. In the instant case, all six of the named plaintiffs are New York residents and 45 per cent of the 1,000 members of the class they represent are residents of New York, New Jersey, or Connecticut. Where a large percentage of class members comes from or near New York, transfer to another district will be denied. Saperstone v. Kapelow, 279 F.Supp. 781, 783 (S.D.N.Y.1968); Golconda Mining Corp. v. Herlands, 365 F.2d 856, 857 (2d Cir. 1966). Although it is true that the plaintiffs are presently living in Guadalajara, Mexico, where they attend school, New York still would be the more convenient forum for them because they have friends and relatives in the area with whom they can reside while the trial is in progress, thus saving them a great deal of money in hotel and restaurant bills. This is a not insignificant factor when considering the relative financial resources of the parties. Further, even though, as defendants point out, Chicago is closer to Guadalajara in miles than is New York, New York still would be the more convenient forum because there is direct air transportation from Guadalajara to New York, whereas one must change planes to fly to Chicago from Guadalajara. Defendants make much of the fact that three of them are located in Chicago, that their normal operations would be disturbed by their having to ship records to New York for trial, and that a large number of their prospective witnesses are located in or near Chicago. In the past, these grounds have been held insufficient to justify transfer. Herbst v. Able, *supra*, 278 F.Supp. at 664 (S.D.N.Y.1967); Golconda Mining Corp. v. Herlands, *supra*. Further, it would appear even at this stage of the proceedings that it hardly would be necessary for the defendants to ship any substantial part of their records to New York. Plaintiffs have expressed willingness to travel to Chicago for discovery and to copy any documents deemed necessary for trial, thus minimizing the disruption, if any, to defendants' activities. As for the "convenience of witnesses" argument, of course, that cuts both ways. Naturally, each party claims that its choice of forum is more convenient for its own witnesses. At this juncture, it is impossible for the Court to determine which witnesses' testimony will be necessary at the trial; the issues must become more clarified before that determination can be made.

■ Lastly, defendants urge that transfer would be in the interest of justice because the Northern District of Illinois has a less congested calendar than does the Southern District of New York. It is well settled that docket conditions are to be accorded some weight, but are not decisive. Herbst v. Able, *supra*, 278 F.Supp. at 667; SEC v. Golconda Mining Co., 246 F.Supp. 54, 60 (S.D.N.Y. 1965), mandamus denied *sub nom.* Golconda Mining Corp. v. Herlands, 365 F. 2d 856 (2d Cir. 1966); Polychrome Corp. v. Minnesota Mining & Manufacturing Co., 259 F.Supp. 330 (S.D.N.Y. 1966); Peyser v. General Motors Corp., 158 F.Supp. 526, 530 (S.D.N.Y.1958); United States v. Scott & Williams, 88 F.Supp. 531, 535 (S.D.N.Y.1950).

■ Defendants fail even to mention that one of plaintiffs' causes of action arises under the New York antitrust laws. N.Y. General Business Law § 340 (McKinney 1968). Such a factor would

weigh on the side of the plaintiffs' having their choice of forum undisturbed. B. M. Heede, Inc. v. West India Machinery & Supply Co., 272 F.Supp. 236, 242 (S.D.N.Y.1967).

Accordingly, and for the foregoing reasons, defendants' motion for transfer under 28 U.S.C. § 1404(a) is denied.

So ordered.