**INTERNATIONAL UNION, U.A.W., et al., Plaintiffs,**

v.

**ALUMINUM COMPANY OF AMERICA, Defendant.**

**No. 1:94–CV–966.**

United States District Court, N.D. Ohio, Eastern Division.

Jan. 19, 1995.

### MEMORANDUM & ORDER

O'MALLEY, District Judge.

Defendant, Aluminum Company of America ("Alcoa"), has moved this Court to transfer venue of this action to the Western District of Pennsylvania. The motion to transfer venue was briefed by all parties and an oral argument on the motion was held on December 7, 1994. Based upon the briefs submitted by the parties as well as the oral arguments, this Court renders the following judgment:

Alcoa's motion to transfer venue is DENIED. [Docket # 16].

The legal standards applicable to a motion to transfer venue are set out at 28 U.S.C. § 1404(a):

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought.

The determination not to transfer venue under this provision has been undertaken by this Court in light of the particular circumstances of this case.

### A. "... where it might have been brought."

As a threshold matter, this Court finds that this action could have been brought originally in the Western District of Pennsylvania. Plaintiff relies upon the language contained in § 301(c) of the *Labor Management Relations Act* ("LMRA") to argue that three of the plaintiffs, the U.A.W., U.A.W. Local 1050 and U.A.W. Local 808 (the "Union plaintiffs") originally could not have brought their LMRA claims in this action in the Western District of Pennsylvania. Section 301(c) provides:

"For purposes of action and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members."

The Union plaintiffs argue that § 301(c) restricts the venue where a union, as a *plaintiff* can *bring* an action under the LMRA.[1] Plaintiffs claim that because none of the union plaintiffs maintain their principal office in the Western District of Pennsylvania or represent Alcoa employees there, venue under § 301(c) would be improper for these plaintiffs.

■ This Court does not believe that § 301(c) limits where a union can bring an action as a *plaintiff.* Neither this Court nor the parties has located a single case in which § 301(c) has been used to find venue improper as to a *plaintiff* union. All of the cases cited by the plaintiff that construe venue in the context of § 301 are cases in which an action was brought against a labor union as a defendant. This is not surprising in light of the general concept that "the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great Western United Corp.,* 443 U.S. 173, 183–84, 99 S.Ct. 2710, 2716, 61 L.Ed.2d 464 (1979) (emphasis in original). Venue, like personal jurisdiction, is a personal privilege of the defendant. *Id.* at 180, 99 S.Ct. at 2714–15.[2]

■ Even applying plaintiffs' restrictive interpretation of § 301(c) along with plaintiffs' other arguments, however, it is clear that an action could have been originated in the Western District of Pennsylvania by plaintiff U.A.W. Plaintiffs have acknowl-

edged that the U.A.W. maintains an office in the Pittsburgh area, "which provides representation to union employees in the area." As counsel for plaintiff admitted at oral argument, there is no requirement under § 301(c) that employees who are represented by the union within the Western District of Pennsylvania be *Alcoa* employees. This Court does not believe that such a restriction, i.e. one that defines "union employees" by reference to their status as employees of the opposing party, should be engrafted onto § 301(c) as plaintiff now suggests.

■ In response to this Court's inquiries at oral argument, plaintiff contended that Local 808, of California, could be a proper party in this District despite plaintiffs' unique interpretation of § 301(c), because the presence of the U.A.W.'s regional office in Cleveland "swept" proper venue for all locals as plaintiffs into Cleveland. Plaintiffs' counsel attempted to distinguish the "sweeping" effect of the Cleveland U.A.W. office from the apparently "non-sweeping" effect of the Pittsburgh U.A.W. office by arguing that, under U.A.W. hierarchy, the Cleveland office is a "regional" office, while the Pittsburgh office is only a "small sub-office". Thus, plaintiff argues, the Pittsburgh office is not a "principal office" as required by § 301(c). What constitutes a "principal office" for purposes of § 301(c), however, cannot be dictated by U.A.W. bureaucracy or parlance. § 301(c) provides for "venue" in any district where the union represents employees. It is undisputed that the U.A.W. has duly authorized officers representing employee members in Pittsburgh. Thus, to the extent the plaintiffs' own "sweeping venue" theory provides venue for the union plaintiffs, including Locals 808 and 1050, in Cleveland, it just as easily would provide venue for the union plaintiffs in Pittsburgh.

1. While § 301(c) is entitled "Jurisdiction", this Court acknowledges existing case law that construes the provision of § 301(c) as the standard for determining venue over a labor union, and will also do so for purposes of this analysis.

2. Moreover, plaintiffs' own action in amending their complaint to add Local 808 as a plaintiff

belies their assertion that failure to meet the requirements of § 301(c) limits the district in which a union can sue as a plaintiff. If the action could not have been brought in the Western District of Pennsylvania as originally captioned, it cannot be maintained in this District as amended.

### B. "For the convenience of the parties and witnesses, in the interest of justice ..."

█ Having established that this action could have been brought in the Western District of Pennsylvania, this Court must determine whether the convenience of the parties and witnesses and the interests of justice weigh in favor of the proposed transfer. This Court finds that the movant, Alcoa, is required to show, by a preponderance of the evidence that the "forum to which [it] desires to transfer the litigation is the *more convenient one vis a vis* the plaintiffs' initial choice." *Roberts Metals v. Florida Properties Mktg Group, Inc.*, 138 F.R.D. 89, 93 (N.D.Ohio 1991) *aff'd* 22 F.3d 1104 (6th Cir. 1994) *quoting Mead Corp v. Boldt Constr. Co.*, 508 F.Supp. 193, 198 (S.D.Ohio 1981) *emphasis is in original.* In doing so, Alcoa cannot merely transfer the inconvenience of the chosen venue from the defendant to the plaintiffs. *Fox v. Massey–Ferguson*, 1994 Lexis 8285 (March 14, 1994 E.D.Mich.).[3]

█ One factor, not specifically set forth in § 1404, that some courts have weighed when considering a transfer of venue is the plaintiffs' choice of forum. *See Roberts Metals*, 138 F.R.D. at 92 n. 2. Plaintiffs in this case argued that their choice of forum is "entitled to great deference" from this Court in considering whether or not to grant Alcoa's motion to transfer. Plaintiffs' Memorandum in Opposition, p. 13. While this Court agrees that the plaintiffs' choice of forum is to be awarded some weight, it is not of paramount importance; it is instead one factor to be weighed equally with other relevant factors. *DeMoss v. First Artists Productions Co. Ltd.*, 571 F.Supp. 409, 413 (N.D.Ohio 1983).

Nor does this Court find that plaintiffs' choice of forum is to be accorded diminished weight, as argued by Alcoa. Alcoa contends that plaintiffs' choice is entitled to less deference because the case is brought as a proposed class action with geographically dispersed class members. Defendant's Memorandum in Support of Motion to Transfer, pp. 13–14. In particular, Alcoa cites *Fox v. Massey–Ferguson*, 1994 Lexis 8285 *5 (E.D.Mich. March 14, 1994) to support this proposition. The Court in *Fox*, however, found that although, the plaintiff's choice of forum in a class action may be less important than in a non-class action, "[t]his does not mean, however, that plaintiff's choice of forum is deserving of little weight." Moreover, while some courts have diminished the weight to be accorded the plaintiff's choice of forum in class and derivative actions, *see Blender v. Sibley*, 396 F.Supp. 300, 302 (E.D.Pa.1975), courts have also refused to accord diminished weight where most or all members of the class reside in the same district. *See Duman v. Crown Zellerbach, Corp.*, 107 F.R.D. 761 (E.D.Ill.1985); *Brody v. American Medical Ass'n*, 337 F.Supp. 611 (S.D.N.Y.1971).

It is not clear to this Court that the individual class members would ever be required to travel to the District Court for any reason germane to this case. It cannot go unnoticed, however, that nearly one half of the class members do reside in a single district, the Northern District of Ohio. Further, this Court cannot ignore the presence of the Union plaintiffs, all of whom have chosen this forum to bring their claims. As a result, this Court concludes that the plaintiffs' choice of this District as the forum for their actions will be accorded equal weight.

█ With respect to the convenience of the parties, transfer of venue is inappropriate where it would serve only to transfer the inconvenience from one party to the other. *Roberts Metals*, 138 F.R.D. at 94. Accordingly, this Court must consider the convenience of *all parties* and whether Alcoa has demonstrated that a transfer would, on balance, increase the convenience of *all* of the parties, and not merely transfer inconvenience from one party to another, *Id.*

Alcoa, in its motion to transfer, relies frequently upon the case of *Fox v. Massey–Ferguson*, 1994 Lexis 8285. Although *Fox*

---

**3.** Plaintiff disagrees with the Court's conclusion that the standard to be applied is a preponderance standard. In light of the conclusion below, there is no need to discuss further the Court's choice of a preponderance standard or the reasons why plaintiff's arguments on this issue are not well taken.

involved a class action ERISA and LMRA action that was transferred to the Eastern District of Wisconsin, the Court's holding in that case was based upon facts very different from those presented here. The welfare benefit plan at issue in *Fox* was administered at the defendant's headquarters located in the Eastern District of Wisconsin. *5 The defendant did not conduct business in the Eastern District of Michigan. Thus, the necessary involvement of employees responsible for the administration of the welfare plan in any trial in Michigan would not have allowed those employees to continue their work while the case proceeded and would have greatly inconvenienced the maintenance of the plan. Further, the class members were located throughout the U.S. with a significant number residing in the Eastern District of Wisconsin. The *Fox* court found that, as a result, the convenience of the parties weighed strongly in favor of the transfer.

Here there is no doubt that a transfer to the Western District of Pennsylvania would increase the convenience for Alcoa because its headquarters is located there. Alcoa is no stranger to this District, however, as it regularly conducts business here, operates a plant here and carries out some administrative functions related to retiree benefits here. As for the plaintiffs, a transfer would not affect the convenience to the U.A.W., Local 808 or the class members residing outside of the Northern District of Ohio. Travel to Pittsburgh or Cleveland will be required for all of these plaintiffs, with the relative burden of travel being equal for either city. A transfer of venue will most directly affect Local 1050 and the class members residing in this District, none of whom have any connection with Pittsburgh. Travel between Cleveland and Pittsburgh is not extremely burdensome, regardless of the direction parties and witnesses must travel. However, because Alcoa already has a substantial presence here in Cleveland, it would be able to establish some base of operations here. This would not be the case for these plaintiffs if the action were transferred to Pittsburgh. Any inconvenience for Alcoa in litigating in this district would therefore only be transferred to the plaintiffs. In light of the foregoing, this Court cannot conclude that the convenience of *the parties* will be increased materially by a transfer of venue. Thus, this factor does not, on balance, weigh in favor of transfer.

With respect to the convenience of the witnesses, the parties have hotly disputed the extent to which parole evidence and, therefore, witness testimony will be needed in this case. As Alcoa has the burden of proof here, this Court will weigh this fact, assuming, *arguendo,* the validity of Alcoa's assertions regarding the need for parole evidence. Alcoa claims that the "controlling document" for purposes of this action is Alcoa's Employees Group Benefits Plan (the "Plan"). Alcoa does not contend that its Plan is so ambiguous as to require witness testimony regarding the plain meaning of the Plan. Thus the question of whether Alcoa violated ERISA by unilaterally changing the terms of the Plan as alleged in the second Cause of Action in the Amended Complaint, can be decided by an examination of the terms of the Plan itself. Further, Alcoa asserted at oral argument that the one person who might present relevant testimony regarding the change of benefits was its former employee, Mr. James Michad, who is now retired. Alcoa could not say, however, even when questioned directly by the Court, that Mr. Michad, who allegedly made the critical decision to change the Plan, lives in the Western District of Pennsylvania. Alcoa could only confirm that Mr. Michad does not presently reside in this district.

With respect to the Third Cause of Action for breach of fiduciary duties under ERISA, witness testimony could be more germane. As argued by Alcoa at oral argument, the testimony of actuaries, insurance companies, and consultants might be relevant to show for example the extent to which Alcoa examined the likely impact of any modification in plan benefits. Such evidence however could be stipulated to by the parties or presented at trial in the form of deposition testimony.

Finally, Alcoa expends little time or energy examining the First Cause of Action for breach of the Collective Bargaining Agreement between Alcoa and the U.A.W. While the parties here debate which is the "controlling" document, the Collective Bargaining Agreement or the Plan, there is no doubt

that, for purposes of the First Cause of Action at least, the Court will be considering the terms of the Collective Bargaining Agreement. It appears from the arguments of both parties that, to the extent, if at all, parole evidence would be necessary to determine whether Alcoa breached the agreement, most if not all of the key individuals involved in its negotiation reside outside of both this District and the Western District of Pennsylvania. On balance, it cannot be said that the interests of the witnesses would be better served by a transfer of venue to the Western District of Pennsylvania.

Regarding the interest of justice, Alcoa argues that ERISA cases involve special considerations that always weigh in favor of transfer to the district where the plan administrators reside. Alcoa says this is true because of the additional expense and managerial hardship that could be placed upon the Plan, if issues regarding it were to be litigated elsewhere. Alcoa contends that, if the Plan administrator is required to appear as a witness, the Plan will suffer from the disruption. While this Court agrees that disruption to the administration of the Plan should be avoided, Alcoa has not shown that the disruption caused by the limited absence of the Plan administrator attendant to the provision of testimony in Cleveland is materially greater than absence for a similar purpose in a Pittsburgh courtroom. For instance, it is undisputed that Alcoa has a plant and administrative offices in this District, the utilization of which could minimize the impact of the administrator's absence. In the event the absence of the Plan administrator serves too burdensome, again, trial depositions could be used. At oral argument, Alcoa asserted that the key sources of proof necessary to this case are the Plan documents and the Plan administrator. This Court finds that both of these sources can be provided to this Court without placing unreasonable burden upon the Plan. Accordingly, Alcoa has failed to demonstrate that the interest of justice will be served by a transfer of this case.

In conclusion, this Court finds that

1) this action could have been brought in the Western District of Pennsylvania;

2) Alcoa has failed to show by a preponderance of the evidence that a transfer of this case to the Western District of Pennsylvania would increase the convenience of the parties;

3) Alcoa has failed to show by a preponderance of the evidence that the convenience of the witnesses would be better served by a transfer to the Western District of Pennsylvania; and

4) Alcoa has failed to show by a preponderance of the evidence that the interest of justice would be better served by a transfer of venue.

Weighing all of these factors together, this Court finds that Alcoa's Motion to Transfer Venue is **DENIED.**

**IT IS SO ORDERED.**