Isadore BLAU, a stockholder of Air-Way Industries, Inc., suing on behalf of himself and all other stockholders similarly situated and on behalf of and in the right of Air-Way Industries, Inc., Plaintiff,

v.

Edward LAMB, Frank C. Oswald, Edward Lamb Enterprises, Inc., Edward Lamb Foundation, Inc. and Air-Way Industries, Inc., Defendants.

United States District Court
S. D. New York.
April 10, 1957.

412

Morris J. Levy, New York City, for plaintiff.

Irving Mariash, New York City, for defendants.

DIMOCK, District Judge.

This is an action to recover short swing profits under section 16(b) of the Securities Exchange Act, 15 U.S.C. § 78p(b).

The several defendants were all holders of stock of Lamb Industries, Inc. Each of them exchanged this stock for convertible preferred stock of Air-Way Industries, Inc. Within six months thereafter each converted this preferred stock into common stock of Air-Way Industries, Inc. While it is conceded by plaintiff's counsel that a major portion of plaintiff's claim arises in this way plaintiff claims profits from some other more conventional transactions in the stock of Air-Way Industries, Inc.

Defendants now move (1) that the complaint be dismissed because this court has no jurisdiction of the subject matter or of the defendants, (2) that the action as to each of defendants should be severed, (3) that the action should be transferred to the United States District Court, Northern District, Sixth Circuit, Ohio, for the convenience of parties and witnesses and in the interest of justice, and (4) that interrogatories be vacated.

The motion in so far as it sought to vacate notices of depositions was granted on the argument without prejudice to renewal of the notices. In so far as it sought to transfer the place of examination to Ohio the motion has become moot. As basis for jurisdiction plaintiff must rely on section 27 of the Securities Exchange Act (15 U.S.C. § 78aa). It provides that the District Courts shall have exclusive jurisdiction of violations of the Act and of suits and actions brought to enforce any liability or duty created thereby. It continues:

"Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder * * * may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found."

None of the defendants is found or is an inhabitant or transacts business within the Southern District of New York. Plaintiff Air-Way Industries, Inc. is a Delaware corporation, having its office and business in Ohio. All of the defendants, corporate and individual, are domiciled and residing in Ohio. None was served in this district.

■ To support jurisdiction therefore in this court plaintiff must rely on the claim that the "act or transaction constituting the violation occurred" in this district. Plaintiff bases that claim on the fact that stock of Air-Way Industries, Inc. was listed upon the American Stock Exchange in New York and that some of the transactions in its stock carried on by defendants other than the major ones described above were executed upon that exchange. Defendants argue strenuously that only those transactions which were executed in New York can serve as the foundation for a claim asserted in the United States District Court for the New York District. There seems, however, to be authority for the proposition that where a plaintiff sues a defendant for the profits upon a short swing transaction some part of which took place within the district, the plaintiff may join claims on similar transactions taking place elsewhere even though plaintiff would not have been otherwise able to get jurisdiction over the defendant as to those claims within the district. Blau v. Mission Corp., 2 Cir., 212 F.2d 77.

Plaintiff submits evidence that each of defendants indulged in one or more short

swing transactions in Air-Way Industries stock which were executed on the American Stock Exchange in New York. The evidence with respect to defendant Frank C. Oswald deserves some comment. It appears from his answers to interrogatories that he had the following transactions in Air-Way stock:

| | | |
|---|---|---|
| October 5, 1954 | bought | 100 shares of common |
| June 14, 1955 | acquired by exchange for Lamb Industries stock | 2,000 shares of preferred |
| September 6, 1955 | sold | 100 shares of common |
| September 15, 1955 | acquired by conversion of 2,000 shares of preferred | 7,000 shares of common |

The only transactions on the American Stock Exchange were the purchase and sale of the 100 shares of common and they were more than six months apart and thus not significant by themselves. The sale of 100 shares, however, took place only nine days before the acquisition of 7,000 shares by conversion. The statute expressly denounces a short swing sale and purchase equally with a short swing purchase and sale. Thus, assuming the correctness of the proposition that the acquisition by conversion was a purchase (which has not been argued before me and which I do not pass upon) there was a violation of the statute. It is true that there is no indication in the complaint of any intention to rely on a sale-purchase transaction as a basis for liability and that the likelihood of any recovery on that basis is slight in view of the fact that the 100 shares of common stock were sold at around 15 and the market was around 19 when the 7,000 shares were acquired. Nevertheless it seems to be settled that the mere incidence of the two transactions within six months constitutes a violation of the statute. Gratz v. Claughton, 2 Cir., 187 F.2d 46. I take it, then, that the court would have jurisdiction where a violation appeared even though plaintiff could not recover because no profit had been made. This New York short swing sale and purchase of common stock therefore gives this court jurisdiction of the violation which it constitutes and that, in turn, gives the court jurisdiction of other violations consisting of short swing transactions in preferred stock taking place elsewhere. There probably never was a more tenuous thread of jurisdiction but I think it holds.

In the face of admissions in interrogatories, defendants deny, except as to defendant Edward Lamb Foundation, Inc., that they indulged in short swing transactions on the American Stock Exchange. Their denials are, however, no more than sufficient to create an issue of fact which must be left to trial for determination. If it should there appear with respect to any defendant that he had indulged in no short swing transaction within this district the claim with respect to him would have to be denied even though it were proved that he profited from short swing transactions elsewhere.

The motion to dismiss is denied.

■ Defendants' motion to sever the action needs but slight consideration. A common question of law, i. e., the effect of the exchange and the conversion as a purchase and sale pervades the cases of all of them. Rule 20(a) F.R.Civ.P.

■ The motion to transfer the case to Ohio for convenience is harder to deny. Plaintiff has no connection whatsoever with the proceeding except as the man who sets it in motion; there is no reason why he should even attend the trial. Yet he is the sole connection between the case and New York. On the other hand, all of the defendants reside and have their business in Ohio and the transactions which plaintiff concedes constitute the major part of the claim and which raise the common question of law took place in Ohio. Defendants make many conclusory statements to the effect that witnesses would have to come from Ohio but no reason is suggested why the case does not depend entirely on documentary evidence. Such is the weight accorded to the plaintiff's choice of forum, Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, that I deny this branch of the motion.

■■ Each of the defendants objects to certain interrogatories propounded by the plaintiff. Defendants object to all interrogatories requesting copies of documents. Rule 34, F.R.Civ.P., provides the means for obtaining discovery and inspection of documents. That is by motion based on papers showing good cause. The rules put the burden on the party who wants the inspection to go to court and prove his right. Litigants, as here, often try to shift to the objecting party the burden of going to court by disguising a motion for discovery and inspection as an interrogatory which can only be attacked by an objection in court. When that is done they meet the objection with the proof of good cause which they ought to have supplied in the first place. There is authority for this practice, Alfred Pearson & Co. v. Hayes, D. C.S.D.N.Y., 9 F.R.D. 210, but it seems to me justifiable only where the right to discovery and inspection is indisputable. I prefer to follow Castro v. A. H. Bull & Co., D.C.S.D.N.Y., 9 F.R.D. 84, and Banana Service Co. v. United Fruit Co., D.C.D.Mass., 15 F.R.D. 106. Objections to interrogatories requesting copies of documents sustained.

■■■ Defendants object to other interrogatories as calling for conclusions and not relevant to the issues here in dispute. Interrogatories that seek information which appears reasonably calculated to lead to the discovery of admissible evidence are proper. An issue in this litigation will be the market value of Air-Way's preferred stock at the time defendants delivered shares of Lamb Industries, Inc. in exchange for preferred stock of Air-Way. That is one basis of valuing the Lamb Industries stock that was exchanged for it, Truncale v. Blumberg, D.C.S.D.N.Y., 88 F.Supp. 677, affirmed on opinion below Truncale v. Scully, 2 Cir., 182 F.2d 1021, and the value of the stock so exchanged fixes the crucial cost of the short swing stock. Interrogatories related to the value of Lamb Industries stock are thus even more clearly proper. The adequacy or inadequacy of the Lamb Industries stock as consideration for the Air-Way stock for which it was exchanged is not relevant. Whatever was the value of the Lamb Industries stock, that value was the cost of the Air-Way stock. Hence the intrinsic value of the Air-Way stock is immaterial though its market value may be used as a measure of the value of the Lamb Industries stock under the Truncale case. Hence interrogatories as to comparative values and value relationship are irrelevant. Interrogatories concerning Lamb Industries which did not relate to the value of the stock would not be proper but it seems to me that questions as to its management are relevant to its value.

■ A defendant objects to other interrogatories as the information sought is a matter of public record. This objection is untenable. Riordan v. Ferguson, D.C.S.D.N.Y., 2 F.R.D. 349.

As a result of the foregoing rulings:

Defendant Edward Lamb's objections to interrogatories 7F, 40, 43, 46 and 49

are sustained. All other interrogatories have been or are to be answered.

Defendant Frank C. Oswald's objections to interrogatories 5G, 28 and 32, and to interrogatories 25 and 30 in so far as they call for the production of documents, are sustained. All other interrogatories have been or are to be answered.

Defendant Lamb Foundation's objections to interrogatories 6G, 25 and 28, and to interrogatories 20 and 26 in so far as they call for the production of documents, are sustained. All other interrogatories have been or are to be answered.

Defendant Lamb Enterprises' objections to interrogatories 6G, 26 and 29, and to interrogatories 21 and 27 in so far as they call for the production of documents, are sustained. All other interrogatories have been or are to be answered.