**Irene SHER, Plaintiff,**

v.

**James M. JOHNSTON and Atlantic Research Corporation, Defendants.**

United States District Court
S. D. New York.
March 28, 1963.

Israel Beckhardt, New York City, for plaintiff.

Satterlee, Warfield & Stephens, New York·City, for defendants; Henry J. Formon, Jr., New York City, of counsel.

WYATT, District Judge.

This is a motion to transfer the action to the United States District Court for the Eastern District of Virginia, Alexandria Division, "[f]or the convenience of parties and witnesses, in the interest of justice" (28 U.S.C.A. § 1404(a)).

The action is under Section 16(b) of the Securities Exchange Act of 1934 (15 U.S.C.A. § 78p(b)) to recover for the benefit of defendant Atlantic Research Corporation ("Atlantic") "short swing" profits alleged to have been made by defendant Johnston, a director of Atlantic, from purchases and sales of At-

**124**

lantic shares, these being registered on the American Stock Exchange in New York City (a "national securities exchange").

Plaintiff is a resident of Connecticut. Atlantic is a Virginia corporation with its principal place of business in Alexandria, Virginia; it has no office or records in this District. Defendant Johnston is a resident of the District of Columbia and has no office or place of business in this District.

The moving papers show that prior to the commencement of this action two actions had been commenced in the Eastern District of Virginia, Alexandria Division, against Atlantic, Johnston and other defendants. The moving affidavits assert that these Virginia actions "contain claims identical to the claims in the instant case". It appears that one of the Virginia actions includes a claim under Section 16(b) against Johnston, which is alleged very generally but which would seem to include the claim in the case at bar; the other Virginia action does not appear to contain any such claim.

There is no connection between the case at bar and New York. Unlike Blau v. Lamb, 20 F.R.D. 411 (SDNY 1957), it is not alleged in the complaint, nor showing otherwise made, that the transactions by Johnston in Atlantic shares were executed on the American Stock Exchange. It is highly doubtful therefore, that venue in this District is proper in any event (28 U.S.C.A. § 78aa).

Under the circumstances here present, transfer to the Eastern District of Virginia is indicated. See Ackert v. Ausman, 108 F.Supp. 538 (SDNY 1961).

It is true that in Blau v. Lamb (above), Judge Dimock refused to transfer from this District a Section 16(b) action with some similarities to the case at bar. In the Blau case, however, plaintiff was a New York resident, some of the share transactions were shown to have been executed on the American Stock Exchange, and there had been no similar action previously commenced in the other District.

Plaintiff offers to consent to the transfer on condition that if defendant seeks to take the deposition of plaintiff, such deposition be taken in New York. It is not appropriate for this Court to impose such a condition. After transfer, all pre-trial and other proceedings will be under the control of the United States District Court in Virginia. If it should transpire that the deposition of plaintiff is sought to be taken elsewhere than in New York, plaintiff may apply to the District Court in Virginia for such protective orders as may to her seem necessary or desirable.

Motion granted and the action is directed to be transferred to the United States District Court for the Eastern District of Virginia, Alexandria Division.

So ordered.