**R. C. BLAYLOCK et al., Petitioners,**

v.

**The Honorable Edward C. McLEAN, United States District Judge, Respondent.**

No. 28278.

United States Court of Appeals
Second Circuit.

Motion Argued June 17, 1963.

Decided June 27, 1963.

Before LUMBARD, Chief Judge, and CLARK and HAYS, Circuit Judges.

Lawrence E. Walsh, New York City (Davis, Polk, Wardwell, Sunderland &

Kiendl, Henry L. King and Louis L. Stanton, Jr., New York City, on the brief), for petitioners.

Benedict Wolf, New York City (Wolf, Popper, Ross, Wolf & Jones and Paul L. Ross, New York City, on the brief) for respondent (on behalf of all plaintiffs).

PER CURIAM.

The petition for a writ of mandamus is denied. We see no reason to overturn the discretion of the trial judge here.

LUMBARD, Chief Judge (dissenting).

It seems to me that it was a clear abuse of discretion for the district court to deny the motion to transfer these cases from New York to the Northern District of Texas.

The cases in question are four related stockholder's derivative actions brought under § 16(b) of the Securities Exchange Act, 15 U.S.C. § 78p(b). The plaintiffs below seek to recover for their corporation, Ling-Temco-Vought, Inc., alleged short-term profits realized by the individual defendants, "insiders" in Ling-Temco, largely in connection with Ling-Temco's acquisition of the assets of Chance Vought Corporation in 1961. The record shows that all testimony on the events in question as to which any dispute is likely must be given by the officers and employees of Ling-Temco and the American Life Insurance Company, and other persons, all of whom live in and are engaged in business in Texas.

The daily services of many of these witnesses are required in running the affairs of Ling-Temco in Texas. While many pertinent records are to be found in New York, most of these have already been furnished to the plaintiff and they can hardly be matters of dispute. Indeed, there is no good reason to doubt the assertion of counsel for the defendant that the authenticity of the New York record will be stipulated.

If Judge McLean's refusal to transfer these suits is to stand as any precedent, it is difficult to imagine any case of this nature or any important case involving corporate matters which will not burden the docket of the United States District Court for the Southern District of New York. There will always be some records which must be produced in New York; there will always be some defendants who will come to New York at some time and will be open to the service of process in New York. Indeed, there seems to be no reason to keep this case in New York except that it was commenced here, as the plaintiffs themselves are not witnesses to anything. If need be, New York counsel will be able to conduct the trial in the district court in Dallas just as counsel from all parts of the United States are to be found in our New York federal courts every day. Clearly, convenience and expenses and all the factors which make for a fair and expeditious administration of justice weigh overwhelmingly in favor of transfer.

I would grant the writ and direct the district court to transfer these cases to the Northern District of Texas.