**Lola A. PEYSER, Plaintiff,**

v.

**MEEHAN FUND, INC., Powdrell & Alexander, Inc. and Walworth Company, Defendants.**

**No. 66 Civ. 975.**

United States District Court
S. D. New York.

Dec. 9, 1966.

Morris J. Levy, New York City, for plaintiff.

Regan, Goldfarb, Powell & Quinn, New York City, for defendant Meehan Fund and Powdrell & Alexander, Inc.

Breed, Abbott & Morgan, New York City, for defendant Walworth Co.

## MEMORANDUM

TENNEY, District Judge.

Plaintiff is a shareholder of the defendant Walworth Company (hereinafter referred to as Walworth). She brings this action on behalf of herself and all other shareholders similarly situated and on behalf of Walworth under Section 16 (b) of the Securities Exchange Act of 1934, 48 Stat. 896 (1934), 15 U.S.C. § 78p (1964), to recover certain so-called "short-swing" profits allegedly made by defendants Meehan Fund, Inc., (hereinafter referred to as "Meehan") and Powdrell & Alexander, Inc., (hereinafter referred to as "Powdrell"). Defendants

1

Meehan and Powdrell now move to quash service and dismiss the complaint for lack of jurisdiction and improper venue.

The essential facts of this case are not in dispute. Between October 14, 1963 and April 9, 1964, a period of less than six months, the defendants Meehan and Powdrell each purchased 60,000 shares of Walworth common stock and sold 342,000 shares and 320,000 shares, respectively, of said stock. All purchases of the Walworth shares occurred in New York City and were made through the New York Stock Exchange. All sales of said stock were made in Philadelphia, Pennsylvania, by means of the defendants exchanging Walworth shares for the shares of the General Waterworks Corporation.

As a result of these short-swing transactions, plaintiff alleges the defendants realized profits in excess of $45,000.

Venue in actions to recover short-swing profits under Section 16(b) of the Securities Exchange Act is governed by Section 27 of said Act, 48 Stat. 902 (1934), 15 U.S.C. § 78aa (1964). This section provides that any action under Section 16(b) may be brought in the district where (1) the defendant is found, or (2) the defendant is an inhabitant, or (3) the defendant transacts business, or (4) "any act or transaction constituting the violation occurred." Since answers to written interrogatories have conclusively shown that the defendants Meehan and Powdrell are not found within this district, are not inhabitants hereof, and transact no business within this district, venue is proper only if the Court finds that any act or transaction constituting the violation occurred within the Southern District of New York.

■ Section 16(b) of the Securities Exchange Act creates a cause of action for the recovery of profits realized by insiders who purchase and sell or sell and purchase securities of an issuer within a six-month period. The sole issue before this Court is whether venue is proper in the Southern District of New York if only the purchase of the Walworth shares were effected here. After careful consideration, I hold that such venue is proper.

[2] Defendants have contended that the act or transaction constituting the violation was the sale of Walworth stock, and since this act took place in Philadelphia, only a federal district court in Pennsylvania can entertain this action. Defendants' argument fails to take into account the plain meaning of Section 27 of the Securities Exchange Act. This section states that suit may be brought in the district where *"any act* or transaction constituting the violation occurred." The use of the word "any" contemplates that there may be more than one act or transaction constituting the violation. If it was contemplated that only *the sale* of the shares (after a purchase) or *the purchase* of the shares (after a sale) constituted the violation, Section 27 would probably have read "within the district where *the act* or transaction constituting the violation occurred." The fact that the word "any" was used in Section 27 is evidence of Congressional intent to expand the possible jurisdictions where corporate insiders who make unfair use of inside information may be amenable to suit.

This view of Section 27 finds support in the language of the Court of Appeals in Hooper v. Mountain States Sec. Corp., 282 F.2d 195, 204 (5th Cir. 1960), cert. denied, 365 U.S. 814, 81 S.Ct. 695, 5 L. Ed.2d 693 (1961), a case involving Section 10(b) of the Securities Exchange Act, wherein the Court stated:

> It is apparent that the language in § 27 * * * describing the venue district as "the district wherein any act or transaction constituting the violation occurred" cannot mean the district in which all acts took place, or in which the transaction as a whole was consummated. * * * The legislative pattern envisages the likelihood that actions would take place in many places requiring the frequent use of instrumentalities of the mail or of communi-

cation. The Act meant to vest jurisdiction in every district where any use of such instrumentalities * * * was of material importance to the consummation of the scheme.

In addition, the Court has serious doubts that it was *the sale* of the Walworth stock within six months of the purchase that constituted the violation herein. A purchase of stock or a sale of stock is, in itself, an innocent transaction. It is only when both a purchase *and* a sale occur within the proscribed period that the statute is violated. In Gratz v. Claughton, 187 F.2d 46 (2d Cir.), cert. denied, 341 U.S. 920, 71 S.Ct. 741, (1951), the Court, in discussing the venue of a Section 16(b) action, declared that the wrong consisted in "obtaining the profits by the wrongful purchase and sale, or sale and purchase of shares." Hence, the purchase of the Walworth stock on October 14, 1963 was as much a part of the violation as was the sale of said stock on April 9, 1964.

Furthermore, a review of cases decided in this district involving Sections 16(b) and 27 of the Securities Exchange Act lends no support to defendants' contentions. Rather, it appears that courts in this district have consistently recognized that as long as some part of the short-swing transaction occurs within this district, venue is proper. In Blau v. Mission Corp., 212 F.2d 77 (2d Cir.), cert. denied, 347 U.S. 1016, 74 S.Ct. 872, 98 L.Ed. 1138 (1954), the Court held that venue was proper in the Southern District as long as some of the transactions occurred there. This holding followed an earlier Court of Appeals decision in Falco v. Donner Foundation, 208 F.2d 600 (2d Cir. 1953). In an earlier case, the Court, in Grossman v. Young, 70 F.Supp. 970, 971 (S.D.N.Y.1947), stated that the words "any act or transaction" "certainly do not confine the venue of such a proceeding to any one district".

More recently, in another Section 16(b) case, Blau v. Lamb, 20 F.R.D. 411 (S.D.N.Y.1957), the Court held that venue was proper over one of the defendants where only the sale of the shares (and not the subsequent purchase) occurred on the American Stock Exchange in New York City. Judge Dimock stated:

"There seems, however, to be authority for the proposition that where a plaintiff sues a defendant for profits upon a short swing transaction *some part of which took place within the district,* the plaintiff may join claims on similar transactions taking place elsewhere even though plaintiff would not have been otherwise able to get jurisdiction over the defendant as to those claims within the district." (Emphasis added.) Id. at 413.

*This New York short swing sale* and purchase of common stock therefore gives this court jurisdiction of the violation which it constitutes and that, in turn, gives the court jurisdiction of other violations consisting of short swing transactions in preferred stock taking place elsewhere." (Emphasis added.) Id. at 414.

In a later case, Sher v. Johnston, 216 F.Supp. 123, 124 (S.D.N.Y.1963), Judge Wyatt stated that venue in the Southern District had been held proper in Blau v. Lamb, supra, because, among other things, "*some* of the share transactions were shown to have been executed on the American Stock Exchange." (Emphasis added.)

After the full trial of the *Blau* case, Judge Tyler again rejected the defendants' contentions that the mere occurrence in this district of a few out of a significant number of violations was insufficient to support a finding of proper venue. Rather, Judge Tyler expressed his full concurrence with Judge Dimock's views, particularly because of the remedial purposes behind Section 16(b). Blau v. Lamb, 242 F.Supp. 151, 160, (S.D.N.Y. 1965), rev'd on other grounds, 363 F.2d 507 (2d Cir. 1966).

Therefore, an examination of the language and purposes behind Sections 16(b) and 27 of the Securities Exchange Act, as well as a review of the cases de-

**4**

cided thereunder, has convinced this Court that venue is proper in the district where either the purchase or the sale of the security took place. For the foregoing reasons, defendants' motion to quash service for lack of jurisdiction and improper venue is denied.

So ordered.