**Betty L. GOLD, Plaintiff,**

v.

**Arch C. SCURLOCK, Arthur W. Sloan and the Susquehanna Corporation, Defendants.**

**No. 68 Civ. 1772.**

United States District Court
S. D. New York.

Oct. 17, 1968.

Sidney B. Silverman, New York City, for plaintiff, Hale, Russell & Stentzel, Louis H. Kurrelmeyer, New York City, of counsel.

Purcell & Nelson, Washington, D.C., Franklin M. Schultz, Washington, D.C., of counsel, for defendant Arch C. Scurlock.

Gasperini, Koch & Savage, New York City, Edwin L. Gasperini, Arthur Savage, New York City, of counsel, for defendant Arthur W. Sloan.

Cleary, Gottlieb, Steen & Hamilton, New York City, James W. Lamberton,

William Lynch, New York City, of counsel, and Rhyne & Rhyne, Washington, D.C., Charles S. Rhyne, Courts Oulahan, Washington, D.C., of counsel, for defendant The Susquehanna Corp.

## OPINION

HERLANDS, District Judge:

Motions by each of the three defendants to transfer this case to the United States District Court for the Eastern District of Virginia in the "interest of justice" and for the "convenience of the parties and witnesses" (28 U.S.C. § 1404(a) (1964)) raise the following question: Should this Court initially determine whether there is a genuine issue of material fact (and thus possibly dispose of the entire case summarily) before deciding the transfer motions or should this Court decide the transfer motions and, in the event a transfer is ordered, leave the matter of a possible summary judgment to the transferee court should such relief be sought in that court?

This opinion sets forth the reasons why the Court has granted the transfer motions and has deferred to the transferee court the possible question of summary judgment.

Having made demand on the defendant corporation to initiate suit and sixty days having elapsed with the corporation's failing so to act, plaintiff brings this proceeding on behalf of the corporation, charging a violation of § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b) (1964). Plaintiff seeks to recover "short swing" profits allegedly made by defendants Scurlock and Sloan.

Scurlock and Sloan founded the Atlantic Research Corporation in 1949, and were the chief executives, two of its directors, and its principal stockholders. Atlantic Research Corporation merged into The Susquehanna Corporation on December 4, 1967, at which time the shareholders of Atlantic Research Corporation, including Scurlock and Sloan, exchanged their common stock for an equal number of Susquehanna Class A Cumulative Convertible (immediately) Preferred Stock ("Susquehanna Preferred"). Scurlock and Sloan each owned more than 10% of this preferred stock after the exchange; and they were also directors of The Susquehanna Corporation.

Scurlock admits having sold, from December 20, 1967 through January 17, 1968, 36,000 shares of the Susquehanna Preferred at prices ranging from $54.00 to $71.625 per share.

Sloan admits having sold 1,000 shares of Susquehanna Preferred on December 27, 1967 at a price of $74.75 per share. Defendants admit that the common stock of Atlantic Research Corporation, which was exchanged for the Susquehanna Preferred on a one-for-one basis, was traded on the American Stock Exchange on December 4, 1967, at a high of $42\frac{3}{4}$, a low of $41\frac{5}{8}$, and closed at $41\frac{3}{4}$.

Defendants' motions to transfer are predicated on the factors of witness convenience, party convenience, speedier trial, readier access to proof, and the availability of compulsory process in the transferee district. In opposing the motions, plaintiff does not dispute the fact that the transferee district would be a more attractive forum for trial of the lawsuit. Plaintiff, however, argues that this case is ripe for summary adjudication and that, therefore, the granting of the transfer motions would not facilitate convenience nor serve the interests of justice.

Countering this argument, defendants claim that there are disputed genuine issues of material fact requiring a trial, in connection with which convenience would be served by the proposed transfer to the Eastern District of Virginia. These asserted issues of fact are:

(1) Whether Sloan and Scurlock "controlled" Atlantic Research Corporation in the sense that they had significant influence over corporate decisions. Defendants submit that this issue is material because it has been held that, in determining whether a particular transac-

tion was a sale, "it is relevant to first consider whether the transaction in any way makes possible the unfair insider trading that Section 16(b) was designed to prevent." See Blau v. Lamb, 363 F. 2d 507, 518 (2d Cir.1966), cert. denied, 385 U.S. 1002, 87 S.Ct. 707, 17 L.Ed.2d 542 (1967).*

(2) Whether the facts surrounding the merger were sufficiently disclosed so that Scurlock and Sloan did not have an unfair advantage. The materiality of this factual issue has not been made entirely clear.

(3) Whether defendant Scurlock owned 600 shares sold on December 27, 1967, in light of Scurlock's denial of ownership and his allegation that they were held in a custodian account and owned by Scurlock's children.

Plaintiff has emphasized the essentially legal nature of § 16(b) litigation and has cited several cases where the court, recognizing this characteristic, denied the motion to transfer. In Franklin v. Blaylock, 218 F.Supp. 261 (S.D.N.Y.), petition for mandamus denied, Blaylock v. McLean, 319 F.2d 533 (2d Cir.1963), the court refused to order a transfer because the issues involved therein (which were strikingly similar to those in the instant case) were primarily issues of law. Chief Judge Lumbard, dissenting, in the denial of the petition for mandamus, did not advert to this factor but felt that, where the convenience of the parties and witnesses so clearly would be served in the transferee district, it was a "clear abuse of discretion" to deny the motion. 319 F.2d at 534.

In Blau v. Lamb, 20 F.R.D. 411 (S.D. N.Y.1957), the court denied the motion to transfer because the disposition of the case probably depended entirely on documentary evidence. Plaintiff was a New York resident; and the court decided that his choice of forum should be controlling. In Blau v. Lamb a trial was ultimately conducted in the Southern District of New York, though, from the opinion denying the motion to transfer, it is apparent that the transferee district was a much more favorable forum.

In Polaroid Corp. v. Casselman, 213 F.Supp. 379 (S.D.N.Y.1962), however, the court did transfer an action under § 16(b) where all the contacts were in the transferee district and the only contacts with New York were that the purchases and sales had been executed over the New York Stock Exchange. That case is not precisely in point because the court said there was a factual question as to whether the defendant had actually sold the stock—clearly a material issue in a § 16(b) action. Moreover, a declaratory judgment action involving the same claim was also pending in the transferee district. This latter factor may also distinguish Sher v. Johnston, 216 F.Supp. 123 (S.D.N.Y.1963), where this court did transfer to the Eastern District of Virginia a § 16(b) action brought on behalf of the predecessor corporation Atlantic Research Corporation, the court noting that all of the relevant contacts were in Virginia and not in New York.

▆▆▆ Upon analysis of the affidavits, memoranda, pleadings, and plaintiff's interrogatories and requests for admissions and defendants' answers thereto, the Court concludes that the motions to transfer should be granted. It is apparently not controverted that, should a trial be necessary or should further discovery in the form of examinations before trial take place, the convenience of parties and witnesses and the interest of justice mandate that the forum be the Eastern District of Virginia. Where, as here, the plaintiff sues on behalf of the corporation, her choice of forum is a less significant factor in resolving the issue of convenience for the

---

* It should be noted, however, that the issue before that court was whether a conversion of preferred into common stock of the same corporation was a "sale" within the meaning of § 16(b). The exchange of common stock in one corporation for preferred in another corporation pursuant to a merger was there held, however, to constitute a purchase. See Blau v. Lamb, supra 363 F.2d at 516–517.

reason that the plaintiff is personally, not actually a party to the matters being litigated. See, e.g., Josephson v. McGuire, 121 F.Supp. 83 (D.Mass.1954). Moreover, even the desideratum of permitting the plaintiff to sue at her own domicil is absent in this case because plaintiff is a resident of the transferee district.

In granting the motions to transfer, the Court neither adopts defendants' thesis that there are disputed issues of fact nor does it express any opinion as to the materiality or legal sufficiency of the factual issues that defendants claim require a plenary hearing. The Court's *ratio decidendi* is that, in deciding a motion to transfer, it is inappropriate to survey the merits of a motion for summary judgment which, in fact, has not yet been made and the merits of which have not been argued or briefed in this Court.

Plaintiff attempts to negate the ineluctable conclusion that trial in the Eastern District of Virginia is more convenient and just by requesting this Court to determine that there cannot be any triable issues of fact in this case. An adjudication that there are no genuine issues of material fact is more properly the subject of a motion for summary judgment, a motion which will not be prejudiced by the grant of a transfer. The more judicious approach is to transfer the cause to the Eastern District of Virginia where the transferee court can entertain and decide a motion for summary judgment if made by plaintiff.

Other courts apparently have recognized that this is a desirable procedure, though the cases were not § 16(b) actions. In Hercules Co. v. S/S Aramis, 226 F.Supp. 599 (E.D.La.1964), the court held that it need not consider first a motion for summary judgment filed simultaneously with a motion to transfer, but rather decided to transfer and leave the summary judgment motion for the transferee court—despite the circumstance that a decision on the summary judgment motion might obviate the need for determining the transfer mo-

tion. One rationale for this procedure was alluded to in United States v. Swift & Co., 158 F.Supp. 551, 560 (D.D.C. 1958), where the court granted the transfer motion without regard to the summary judgment motion, because an important element in the litigation, such as a motion for summary judgment, should not be decided by the transferor court but should be adjudicated by the court that has the responsibility for ultimately deciding the case.

This Court will not retain on the lengthy calendar of the Southern District of New York a cause of action more properly tried in the Eastern District of Virginia merely because plaintiff's counsel avers that he intends to move for summary judgment. It would be inappropriate to delay the prosecution of the lawsuit upon the basis of such statements, or to deny a motion for transfer upon the stipulation suggested by plaintiff's counsel that, if the summary judgment motion is less than dispositive of the entire litigation, the case can then be transferred, by consent, to the Eastern District of Virginia.

The motions to transfer to the Eastern District of Virginia are hereby granted.