**Arnold DUTCHEN et al., Plaintiffs,**

**v.**

**ECOLOGICAL SCIENCE CORPORA-TION et al., Defendants.**

**Lester G. WEINBERG, Plaintiff,**

**v.**

**Harold J. KOENIG et al., Defendants.**

**John WASYLOW, Plaintiff,**

**v.**

**Harold J. KOENIG et al., Defendants.**

**Harry A. SKYDELL, Plaintiff,**

**v.**

**Harold J. KOENIG et al., Defendants.**

**Nos. 71 Civ. 2059, 71 Civ. 2098, 71 Civ. 2515 and 71 Civ. 2645.**

United States District Court, S. D. New York.

Nov. 29, 1971.

Kaplan, Kilsheimer & Foley, New York City, for plaintiff Dutchen.

Irving Steinman, New York City, for plaintiff Weinberg.

Schoengold & Sporn, New York City, for plaintiff Wasylow.

Kass, Goodkind, Wechsler & Gerstein, New York City, for plaintiff Skydell.

Metzenbaum, Gaines, Finley & Stern, Cleveland, Ohio, and Murray A. Gordon, New York City, for defendants.

LASKER, District Judge.

These are four consolidated motions by defendant Ecological Science Corporation to transfer venue of the cases to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

The four suits are part of a group of individual actions brought against the same defendants and alleging substantially the same claims.[1] Each of the complaints alleges that defendants engaged in a course of conduct to promote Ecological Science Corporation stock by misstatements and omissions of material facts, that they engaged in a fraudulent

---

1. By order of Judge Pollack filed September 3, 1971, it was "ordered that all pending pretrial proceedings, including motions pursuant to 28 U.S.C. § 1404(a) and to enlarge time to answer and re-

lating to discovery matters, . . . are consolidated . . . for consideration and disposition without prejudice to any further consolidation on motion of any party for good cause shown."

scheme to create the image that the defendant corporation was in the vanguard of pollution control, that the scheme inflated the price and apparent value of the corporation's stock, and that by their conduct defendants breached their duty to shareholders and the public.[2]

The record indicates that twelve actions in all, including the four before us, have been brought in various districts. Besides the four cases before us, three were commenced in this district and transferred to the Southern District of Florida on consent of the parties.[3] One is pending in the Eastern District of Pennsylvania,[4] and another in the Northern District of California.[5] The three cases transferred to Florida have been consolidated with three other suits originally commenced there pursuant to Rule 42, F.R.Civ.P.[6] The action styled Rogovin v. Koenig has been conditionally declared to be a proper class action under Rule 23 by the District Court for the Southern District of Florida.

■ Also pending before us is the motion of plaintiffs in Dutchen v. Ecological Science Corporation to have that suit declared a proper class action, and defendants' motions for an extension of time to answer the complaints in *Dutchen* and in Weinberg v. Koenig. The consideration of these motions has afforded defendants ample time to answer, and accordingly the motions to extend time are granted only to the extent of permitting defendants to file their answers within ten days of the filing of this opinion. Since we are also granting the motions to transfer, the application for a class action determination in the *Dutchen* suit is deferred for determination by the transferee court. Lewner v. Occidental Petroleum Corp., 71 Civ. 1025 (S.D.N.Y., June 25, 1971); In re Plumbing Fixture Cases, 298 F.Supp. 484, 493 (JPML 1968).

28 U.S.C. § 1404(a) provides:

". . . for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ There is no dispute that under 15 U.S.C. §§ 77v and 78aa the suits might have been brought in either this district or the Southern District of Florida, where the corporate defendant has its headquarters. It remains, therefore, to examine the criteria by which this court should exercise its discretion under § 1404(a). As was stated in Schneider v. Sears, 265 F.Supp. 257, 263 (S.D. N.Y.1967),

"These include: (1) the convenience to parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more ex-

---

2. All complaints were filed after the Securities and Exchange Commission on April 30, 1971 filed a complaint in this Court against Ecological Science Corporation alleging that the defendants engaged in a fraudulent public relations scheme to promote the corporation's stock commencing November 27, 1967.

3. (1) Rogovin v. Koenig and Ecological Science Corp. was 71 Civ. 1977 (S.D. N.Y.) and is now No. 71–1127 Civ-JLK (S.D.Fla.); (2) Weisberg v. Koenig, et al, was 71 Civ. 2016 (S.D.N.Y.) and is now No. 71–1244 Civ-JLK (S.D.Fla.); (3) Goldfarb v. Koenig, et al, was 71

Civ. 2064 (S.D.N.Y.) and is now No. 71–1242 Civ-JLK (S.D.Fla.).

4. Rosenfield v. Ecological Science Corp., et al, Civil Action No. 71–1301 (E.D. Pa.).

5. Seyranian v. Ecological Science, Inc., et al, No. C–71–1557 (N.D.Cal.).

6. Pearson v. Ecological Science Corp., et al, No. 71–1058–Civ-JLK; Kaplan v. Koenig, et al, No. 71–1257 Civ-JLK; and Monaco v. Ecological Science Corp., et al, No. 71–1352 Civ-JLK, were commenced and are pending in the Southern District of Florida.

peditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer. [deleting footnotes]."

■ Although plaintiffs have sound reasons in each of these actions for commencing suit in New York, on balance the criteria under § 1404(a) weigh strongly in favor of transfer. Evaluation of these criteria is colored by the multiplicity of suits involved which have been brought in four different districts and three different circuits, thus presenting the possibility of conflicting class action determinations. See Manual for Complex and Multidistrict Litigation §§ 5.4, 5.5 (1970 ed.).

It is clearly for the convenience of the parties and witnesses that the cases should not be tried in several distinct locales, with the consequent inevitable increase in cost and travel occasioned by duplication of testimony. However this may apply in individual cases, "instead of looking to the individual convenience of *each* party and *each* witness, the Court must look to the overall convenience of all parties and witnesses. Cf. In re Library Editions of Children's Books, 297 F.Supp. 385 (JPML 1968)." (emphasis in original). In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, M 19–93A (Admin. Order No. 71–5, "Memorandum and Order Transferring 'Human Consumption Cases' to the District of Minnesota under 28 U.S.C. § 1404(a)") (S.D.N.Y. May 14, 1971).

We have considered the factors most favorable to plaintiffs' contentions, but find that they are outweighed by other considerations. It is true that "plaintiff's choice of forum is a factor to be accorded substantial weight," Golconda Mining Corp. v. Herlands, 365 F.2d 856, 857 (2d Cir. 1966), and that defendant corporation has easy access to and control of its witnesses, while plaintiffs'

witnesses are third parties available only by subpoena or cooperation. Nevertheless, the significance of plaintiffs' choice of forum as a factor is diluted because these suits involve class claims and in such cases "the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." Koster v. Lumbermen's Mut. Co., 330 U.S. 518, 524, 67 S.Ct. 828, 832, 91 L.Ed. 1067 (1947); Wolf v. Ackerman, 308 F.Supp. 1057, 1060–1061 (S.D.N.Y.1969), and cases cited therein.

Secondly, as stated in Lewner v. Occidental Petroleum Corp., supra, "[i]n a class action such as this, as in a shareholders' derivative suit, the greatest sources of evidence must be the defendants and their employees. In any complex litigation there will be inconvenience whichever forum is chosen." In the instant cases, the great majority of alleged misrepresentations appear in written documents: defendant corporation's Annual Report for 1969, its June 1970 10–k form, news releases, brochures, speeches, reports and other literature. These documented representations presumably can be easily established by deposition, affidavits or stipulations not requiring witnesses actually testifying at the trial. On the other hand, the defendants will require live witnesses to establish the truth of the representations. As defendant corporation reasonably asserts, "[i]n order to overcome the adverse implications of the complaints, it will be necessary to call persons knowledgeable about the company, its posture, its capabilities and its abilities," and "[a]t this moment it seems that none of the witnesses the defendant will call in order to meet and contradict the claims . . . reside in or near New York."

Defendant corporation states that it intends to call most of its key employees, who are in Florida, and its accountants, who are at the Miami office of Haskins and Sells.

Evaluation of these elements makes it clear that the convenience of parties and witnesses will be best served by trials in Florida, and the multidistrict posture of the cases suggests that the administration of justice will be advanced by the transfer.[7]

Defendant corporation's motions to transfer venue to the Southern District of Florida are granted. The Clerk of the Court shall transfer the files on or as soon as practicable after December 9, 1971, but shall retain the files until that date so that the defendants may file their answers in these cases prior to the transfer of the files to the Southern District of Florida.

It is so ordered.

---

7. An additional consideration is that, as the parties appear to agree, these actions are likely to reach trial more quickly in the Southern District of Florida than in this Court.